UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

STANLEY HERBERT BRODY,  No. 13-11721

                Debtor(s).
_____/

LYNN H. CHOU,

                Plaintiff(s),

       v.  A.P. No. 14-1039

STANLEY HERBERT BRODY,

                Defendant(s).
_____/

Memorandum After Trial
_____

In 1992, plaintiff Lynn Chou responded to a small ad in a Chinese language newspaper seeking licensed real estate agents to work for a mortgage loan broker named Multisource. The ad offered to allow agents of Multisource to retain the full net amount of any commissions earned in return for a desk fee of $650.00 per month. Chapter 7 debtor and defendant Stanley Brody was the office manager for Multisource, and agreed to hire Chou.

1

As soon as Chou began working for Multisource, problems arose. Chou failed to deliver her real estate license to Multisource, nor would she sign the standard broker-agent contract Brody gave her. Moreover, Brody determined that Chou was engaged in practices which violated California real law governing the conduct of mortgage brokers and their agents. Brody paid Chou her first commission, although with misgivings. He declined to pay her any commissions thereafter because he believed Multisource could not compensate her without her license and a signed standard contract. When he determined that Chou was still violating California law, he terminated Multisource's relations with her. The entire relationship lasted about two months.

In 1994, Chou sued Multisource and Brody in state court for breach of contract and fraud. In 1997, after a bench trial, the state court found that Chou was entitled to $55,266.23 in commissions and that Multisource and Brody were entitled to credits or deductions totaling $18,945.14. The court entered judgment for the difference plus costs, making no mention of fraud or imposing any punitive damages.

On September 6, 2013, Brody filed a Chapter 13 bankruptcy petition. The case was converted to Chapter 7 soon thereafter, and Chou commenced this adversary proceeding seeking a determination that her judgment against Brody is nondischargeable for fraud pursuant to § 523(a)(2) of the Bankruptcy Code. Chou later amended her complaint to include an allegation of willful and malicious conduct pursuant to § 523(a)(6).

Chou did not provide any evidence at all to support even a single element of fraud. There was no evidence of a false statement or reliance, let alone that Brody acted with fraudulent intent. Chou's argument that Brody caused Multisource's ad to be placed in order to lure salespeople to work for Multisource with no intent to compensation them was so lacking in evidence as to be preposterous. Chou was hired in good faith, and her failure to receive her commissions was the result of a good faith belief that she could not be compensated without a signed contract and delivery of her license. She was terminated because of a good faith belief that she was acting improperly.

The court finds Chou's reliance on *In re Jercich,* 238 F.3d 1202 (9th Cir.2001), to be misplaced.

2

Case: 14-01039    Doc# 51    Filed: 08/20/15    Entered: 08/20/15 14:48:59    Page 2 of 3

In that case, the state court had found that the debtor had the clear ability to pay the plaintiff's wages when they were due, but willfully chose not to and that such conduct amounted to oppression under California Civil Code § 3294, which by definition must involve despicable conduct. The Ninth Circuit held that "under the particular circumstances of this case" the defendant's conduct was tortious and nondischargeable. 238 F.3d at 1207.

In this case, the state court made no finding of oppression or despicable conduct. Brody had a reasonable and good faith belief that under state law he was not permitted to pay Chou her commissions. Regardless of whether his understanding of state law was correct, there was a good faith disagreement as to whether Chou was entitled to be paid. Brody had no subjective intent to harm Chou. He did not intentionally use Chou's commissions for his personal benefit. Since he believed he was not permitted to pay Chou, injury was not substantially certain if he withheld her commissions. Accordingly, she has not satisfied the malice requirement of § 523(a)(6).

For the foregoing reasons, Chou will take nothing by her complaint, which will be dismissed with prejudice. Brody shall recover his costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Brody shall submit an appropriate form of judgment forthwith.

Dated: August 20, 2015

Alan Jaroslovsky
U.S. Bankruptcy Judge